## Loeb Foundry Co. v. Joseph L. Stout.

1. CORPORATIONS—*When Liable as Individuals—Principal and Agent.*—Corporations become liable the same as individuals where facts exist from which the relation of principal and agent is implied.

**Assumpsit.**—Work and labor. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

The appellant company employed the firm of Baum & Williamson to erect a building for its use as a foundry.

The appellee was employed by said firm to put on the slate roof and do the guttering and tin work.

He performed the greater portion of the work and was putting the slate roof on the ventilator when the ventilator fell and destroyed a large amount of roofing and guttering which he had completed.

He claimed the appellant company, through one Peter Loeb as its agent, employed him to replace the roofing and guttering.

He performed the work and recovered judgment therefor

upon the verdict of a jury against the appellant for $536. The company has appealed.

Buckingham & Schroll, attorneys for appellant.

I. D. Walker and I. R. Mills, attorneys for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

No complaint is made in the brief as to the ruling of the court upon any matter of law.

The appellant company claimed (1) that Peter Loeb had no authority to act for or bind the company in the matter, and (2) that he did not enter into any agreement with the appellee to restore the damaged roof, etc.

Whether the evidence warranted the jury in finding against it on these propositions of fact are the only questions presented.

We have carefully consulted the evidence preserved in the record. It was abundantly established that Peter Loeb acted as the agent of the company in the construction of this building, with the knowledge and approbation of its officers, and was treated in such manner by its officers, while he was so ostensibly acting as its agent as to justify the implication that he was actually its agent and intrusted with the principal charge of the work of erecting the foundry

Corporations become liable as individuals where facts exist from which the relation of principal and agent is implied. 1 Amer. & Eng. Ency. of Law, 339, note 1.

It was further, as we think, clearly within the scope of his apparent power in the emergency that existed, to direct the appellee to repair at appellant's expense the damage and replace the roofing, etc., which had been destroyed by the falling of the ventilator.

The jury was authorized by the proof to find that he did so direct the appellee. The appellee performed the work, and there is no complaint that his claim therefor is excessive in amount.

A review of the testimony would not be productive of any good result.

We content ourselves, therefore, with the declaration that the verdict of the jury, under proper instruction as to the law, was not against the manifest weight of the evidence.

The judgment is affirmed.